

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-84,091-01

### EX PARTE STEVEN MARK CHANEY, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. W87-95754-K (A) IN THE DISTRICT COURT NO. 4
### FROM DALLAS COUNTY

*Per curiam.*

### O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of murder and sentenced to life imprisonment.

Applicant, through habeas counsel, raises four grounds for relief: (1) that new scientific evidence about bite marks contradicts the bite-mark testimony presented at his trial, (2) that false evidence about the probability that Applicant made the bite mark was presented at his trial, (3) that the State violated *Brady v. Maryland*, 373 U.S. 83 (1963), regarding blood and impeachment evidence, and (4) that he is actually innocent based on the newly discovered evidence. The trial

court's findings address the first two grounds but not the second two. According to the trial court, the parties reached an agreement regarding Grounds One and Two, but no agreement has been reached regarding Grounds Three and Four. The trial court states, "The Court adopts the parties' agreement and, therefore, finds and recommends that Applicant be granted relief on Grounds One and Two as agreed by the parties. The Court reserves findings and recommendations on Grounds Three and Four."

It is not clear to this Court whether Applicant is agreeing to waive consideration of Grounds Three and Four in the current habeas application. Thus, the trial court shall determine whether Applicant desires to abandon Grounds Three and Four in the current habeas application and proceed only on Grounds One and Two. If Applicant does not desire to abandon Grounds Three and Four, then the trial court shall enter findings and fact and conclusions of law regarding them. The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claims for habeas corpus relief.

This application will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall be obtained from this Court.

Filed: May 4, 2016
Do not publish